McKinney, J.,
delivered the opinion of the court.
In view of all the facts of this particular case, we think the complainant is entitled to compensation as prayed in the bill. Whether or not the charter granted to the complainant contains the exclusive right alleged in the bill, and admitted in the answer; does not certainly appear, nor is it important to enquire how the fact is, with a view to the decision of the present case. For, assuming that it does,- still- we think it clear that such exclusive right must yield to the public interest. And, admitting the grant to be a contract, and that it is inviolable, yet to hold that the property or franchise acquired under it may be taken for public use “upon just compensation being made therefor,” is not to violate or impair the contract, in the sense of the constitution.
The proof in this record establishes, that the bridge of the complainant was amply sufficient for the accommodation of the public, and that the sole and avowed object of the erection of a free bridge, within a few feet of the former, was to divert the whole travel from it, and thereby destroy its value, under a belief that the inducement held out to the public by a free bridge would greatly promote the local interests of the town of Clarksville.
It is manifest that the erection of a free bridge, under the circumstances of this case, amounts to a total *178 destruction of tlie franchise granted to the complainant, in principle and in effect. The site and structure of the old bridge might as well have been taken and appropriated to the use of the new one; and, while we concede that this might be done, and likewise concede that the grant to the defendants must be regarded as sufficient evidence that the public interest required that it should be done; yet, we hold that it could only be done upon the condition of making “just compensation” to the complainant for the franchise thus destroyed.
It follows, therefore, that the defendants must account for the reasonable value of the complainant’s bridge at the time of the completion of the free bridge.
The decree will be reversed, and an account ordered.